UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Eberline Oilfield Service, Inc., | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT AND JURY DEMAND** |
| Chad Eberline and All in One Oil Field Service, Inc., | |
| Defendants. | |

1.      Plaintiff Eberline Oilfield Service, Inc. ("Eberline Oilfield"), for its Complaint against

Defendants Chad Eberline and All in One Oil Field Service, Inc. ("All in One"), hereby

states and alleges as follows:

## PARTIES AND JURISDICTION

2.      Eberline Oilfield is a registered company located in North Dakota.  Its principal place

of business is located at 10434 1J St. SW, Killdeer, ND 58640. It also maintains a facility at

12958 Highway 16 S, Sidney, MT 59270.  It is owned by Rich and Jennie Eberline.  Eberline

Oilfield operates in interstate commerce, specifically with operations in both Montana and

North Dakota.

3.      Defendant Chad Eberline is the former employee and general manager of Eberline

Oilfield with an address of 181 2nd St. NW, Killdeer, ND 58640-0865.  Chad Eberline is the

nephew of Rich Eberline.  Chad Eberline is also the owner of All in One.

4.      Defendant All in One is a registered company located in North Dakota.  Its principal

place of business is also 181 2nd St. NW, Killdeer, ND 58640-0865.  All in One is a separate

and distinct entity from "All in One Rentals," a separate company started by Chad Eberline.

5.     This is an action asserting a federal claim for violation of federal trade secrets law and under the federal RICO statute, as well as asserting various state law claims, including, *inter alia*, violations of the North Dakota Trade Secrets Act, intent to injure former employer's business in violation of Section 34-02-14, N.D.C.C., intentional interference with business relations, intentional interference of contract, conversion, breach of employee's duty of loyalty, theft of goodwill by Defendants' use of Eberline Oilfield's trade secrets and confidential information, civil conspiracy, aiding and abetting fraud, actual and constructive fraud, and deceit.

6.     Venue and jurisdiction are proper in United States District Court, District of North Dakota pursuant to 18 U.S.C. § 1964 and through its supplemental jurisdiction under 28 U.S.C. § 1367 as this matter concerns violations of federal law, and include state law claims arising out of the same or substantially related case or controversy from Eberline Oilfield's federal law claim.

## FACTS

7.     Eberline Oilfield provides oilfield construction and roustabout services to the oilfield industry in Montana and North Dakota, including the remanufacture of fire tubes for use in the oil industry.

8.     Eberline Oilfield is located at two principal business locations:  the first located in Killdeer, North Dakota since May, 2011, and; the second located in Sydney, Montana since 2013.

9.     On or about July, 2011, the Eberline Oilfield hired Chad Eberline to act as general manager of its Killdeer operation.

10.     In May, 2012, Eberline Oilfield purchased for Chad Eberline real property located in Killdeer, ND at the cost of $20,000.00, and Eberline Oilfield subsequently paid Chad Eberline's down payment on a modular home at the cost of $6,834.00.

11.     In 2013, Chad Eberline, while employed by Eberline Oilfield, started a separate business called "All in One Rentals" located in Killdeer, ND.

12.     All in One Rentals is a rental company providing fluid distribution units manufactured out of shipping containers.  The assembly and storage of these shipping containers occurred at Eberline Oilfield's Killdeer location, and Eberline Oilfield did not receive any compensation for the use of the facility from Chad Eberline or All in One Rentals.

13.     While employed by Eberline Oilfield, Chad Eberline helped develop a new line of business for Eberline Oilfield, remanufacturing fire tubes.  These are tubes that provide heat to oilfield processing units.

14.     As a general manager of Eberline Oilfield, during the course of his employment, Chad Eberline utilized Eberline Oilfield's resources and information, including Eberline Oilfields pricing approach, marketing strategies, purchase history, information related to the bidding and manufacturing process, employment contracts, salary and benefit information of employees, and other confidential information.  All of this information derived independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use.

15.     On or about December, 2014, Eberline Oilfield conducted a business appraisal of its operations to determine the value of the business as part of an effort to incorporate Chad Eberline into the ownership of the company.

16.     The appraisal conducted by Murphy Financial determined the Eberline business was valued at approximately $2,700,000.00 and its real estate holdings were worth $1,800,000.00, for a total business value of $4,500,000.00.

17.     After receiving the appraisal, Rich Eberline offered Chad Eberline a ten percent stake in the company, constituting a $450,000.00 value.

18.     Chad Eberline rejected the offer by Rich Eberline and instead demanded a fifty percent stake in the company.

19.     Chad Eberline also threatened to leave the company as general manager unless his salary was increased to $240,000.00 per year.

20.     Rich Eberline rejected Chad Eberline's demand for a fifty percent stake in the company and instead offered to provide him a salary increase.  When Rich Eberline inquired how he would like to receive this compensation, Chad Eberline rejected the offer of a higher salary and instead insisted he be compensated without having to pay taxes on the income.

21.     After the negotiations between Rich Eberline and Chad Eberline as to his offered ownership stake and salary, Chad Eberline began to sabotage Eberline Oilfield's operations.

22.     Chad Eberline specifically failed to submit competitive bids on open bid projects, thereby reducing the number of projects Eberline Oilfield operated and reducing Eberline Oilfield's gross revenue and profits.

23.     Chad Eberline took this action in secret and failed to inform Eberline Oilfield's owners of his actions in failing to submit competitive bids.  The result was a reduction of

competitive bids as a share of Eberline Oilfield's business and an increase of the fire tube remanufacturing business as a share of Eberline Oilfield's business.

24.     On information and belief, Chad Eberline took this action as part of an overall strategy to increase the fire tube remanufacturing business and ultimately misappropriate the fire tube remanufacturing business from Eberline Oilfield for himself and his future corporate entity All in One.

25.     In 2015, Eberline Oilfield lost at least $250,000.00 as a direct result of Chad Eberline's actions.

26.     In October, 2017, Eberline Oilfield again commissioned a business valuation and appraisal of the company as part of an effort by Rich and Jennie Eberline to sell the business. Due, in part, to Chad Eberline's mismanagement and the resulting reduced business operations, the valuation of the business had declined from $4,500,000 in December, 2014 to $2,865,000.00 in October, 2017.  This valuation was only valid if the business remained in operation as a working entity.

27.     On information and belief, Chad Eberline, while still employed with Eberline Oilfield, acted on or about October, 2017 to form All in One with the intent to take Eberline Oilfield's business.

28.     On information and belief, All in One was formed by Chad Eberline on or about November, 2017, while Chad Eberline was employed with Eberline Oilfield.

29.     Using Eberline Oilfield's office and computer, on or about December, 2017, Chad Eberline wrote a letter soliciting businesses away from Eberline Oilfield.  Chad Eberline used Eberline Oilfield's confidential customer list to identify, solicit and acquire business away from Eberline Oilfield.

30.     In Chad Eberline's solicitation letter, he states the reason for creation of All in One was due to "promised [sic] made to me concerning ownership of Eberline Oil Field Service" and it was in his "best interest to stop managing Eberline Oil Field Service and move forward with my own company."

31.     In Chad Eberline's solicitation letter, he disparages Eberline Oilfield with its existing customers to the company's detriment.

32.     In Chad Eberline's solicitation letter, he specifically references retaining the "current customer base of Eberline Oil Field Service" and includes attached emails from currently existing customers pledging to forego work with Eberline Oilfield and instead retain All in One's services.  The attachments include a recently executed Master Services Agreement between All in One and Continental Resources, a then-client of Eberline Oilfield.

33.     After formation of All in One, while still employed by Eberline Oilfield, Chad Eberline communicated with other Eberline Oilfield employees working under him and advised them to quit their positions and begin working for All in One.

34.     In his solicitation letter, Chad Eberline admits to having hired away all of Eberline Oilfield's employees.

35.     On February 6, 2018, after having already solicited all of Eberline Oilfield's customers for All in One using confidential information retained by Eberline Oilfield, and having already hired all of Eberline Oilfield's employees through All in One, Chad Eberline first notified Rich Eberline of his intent to quit Eberline Oilfield.  Chad Eberline resigned on that date.  These actions left the Killdeer operation with no on-site staff and effectively put Eberline Oilfield out of business.

36.     At the time of his departure, Chad Eberline took Eberline Oilfield's property for use in his business.   Specifically, Chad Eberline absconded with cutting tools and their accompanying oxy-acetylene tanks, as well as tools in Eberline Oilfield vehicles.   In addition, Chad Eberline misappropriated trade secrets from Eberline Oilfield, including the fire tube manufacturing process, confidential customer lists, and files and records retained by Eberline Oilfield.

37.     Due to Chad Eberline's theft of Eberline Oilfield's tools, Eberline Oilfield has incurred a monthly charge on the lease of the oxy-acetylene tanks and is unable to return the tanks thereby resulting in ongoing monetary damages to Eberline Oilfield.

38.     At the time of his departure, Chad Eberline made a large purchase on behalf of Eberline Oilfield from Bell Supply Company, a company which provides tools and inventory for the oil and gas industry.   Chad Eberline purchased fire tube materials on Eberline Oilfield's financial account with Bell Supply Company, and absconded with that purchase. On information and belief, Chad Eberline utilized those materials for All in One's business operations.

39.     During his employment with Eberline Oilfield, Chad Eberline had access to, and knowledge of, confidential information pertaining to Eberline Oilfield's business operations, including confidential bidding prices for clients and upcoming projects, income, profit and loss statements, customer lists, employee lists and salaries, knowledge of Eberline Oilfield's manufacturing process, and equipment lists.   Chad Eberline and All in One presently possess this confidential and trade secret information belonging to Eberline Oilfield, and but for the employment of Chad Eberline, would not have had access to said information.

40.     Eberline Oilfield derives economic value from this confidential information not being generally known or readily ascertainable to others because it allows Eberline Oilfield to gain an economic and competitive advantage to be awarded projects.

41.     Eberline Oilfield has further taken steps to maintain the secrecy of this information and Chad Eberline was aware of its confidential nature and the need to maintain its confidentiality.

42.     Defendants' knowledge of this confidential and trade secret information gives them an unfair competitive advantage now that Chad Eberline has left the employment of Eberline Oilfield, and Chad Eberline had the ability and did in fact take action to target Eberline Oilfield's customers in such a way as to lure those customers away from Eberline Oilfield and to All in One.  As a result, Eberline Oilfield's relationships with those customers was terminated and Defendants' retained an unfair advantage in soliciting business away from Eberline Oilfield and for their own benefit.

## <u>COUNT ONE</u>

### **VIOLATION OF FEDERAL TRADE SECRETS ACT**

43.     Plaintiff incorporates Paragraphs 1 through 42 as if set forth fully herein.

44.     18 U.S.C. § 1832 makes it a crime for any person to do the following:

Whoever, with intent to convert a trade secret, that is related to a product or service used in or intended for use in interstate or foreign commerce, to the economic benefit of anyone other than the owner thereof, and intending or knowing that the offense will, injure any owner of that trade secret, knowingly—

(1) Steals, or without authorization appropriates, takes, carries away, or conceals, or by fraud, artifice, or deception obtains such information;
(2) Without authorization copies, duplicates, sketches, draws, photographs, downloads, uploads, alters, destroys, photocopies, replicates, transmits, delivers, sends, mails, communicates, or conveys such information;

(3) Receives, buys, or possess such information, knowing the same to have been stolen or appropriated, obtained, or converted without authorization;

(4) Attempts to commit any offense described in paragraphs (1) through (3); or

(5) Conspires with one or more persons to commit any offense described in paragraphs (1) through (3), and one or more of such persons do any act to effect the object of the conspiracy, . . .

45.    Chad Eberline's and All in One's stole, appropriated without authorization, or otherwise wrongfully acquired Eberline Oilfield's trade secrets as articulated in 18 U.S.C. § 1832.

46.    Under 18 U.S.C. § 1836, Eberline Oilfield, as owner of the trade secrets misappropriated by Chad Eberline and All in One, is permitted to bring the following civil action as the trade secrets are related to products or services used in, or intended for use in, interstate commerce with operations in both Montana and North Dakota.

## COUNT TWO

## VIOLATION OF FEDERAL CIVIL RICO

47.    Plaintiff incorporates Paragraphs 1 through 46 as if set forth fully herein.

48.    Under the federal Racketeer Influenced and Corrupt Organizations (RICO) Act 18 U.S.C. § 1961(1), it defines "racketeering activity" to include 18 U.S.C. § 1832 actions.

49.    Under 18 U.S.C. § 1964, federal district courts have jurisdiction to prevent and restrain "violations of section 1962 of this chapter" including ordering any person to divest himself of any interest, direct or indirect, in any enterprise; imposing reasonable restrictions on the future activities or investments of any person, including, but not limited to, prohibiting any person from engaging in the same type of endeavor as the enterprise engaged in, the activities of which affect interstate or foreign commerce; or ordering dissolution or reorganization of any enterprise, making due provision for the rights of innocent persons.

50.     A person injured due to a violation of 18 U.S.C. § 1962 may file suit in United States district court and is entitled to recover triple damages they sustain as well as recover the costs of suit including reasonable attorney's fees as permitted under 18 U.S.C. § 1964(c).

51.     Chad Eberline and All in One committed at least two separate racketeering acts in acquiring Eberline Oilfield's confidential bidding prices for clients and upcoming projects, income, profit and loss statements, customer lists, employee lists with salary and benefit information, knowledge of Eberline Oilfield's manufacturing process including for remanufactured fire tubes, and equipment lists.

52.     Chad Eberline and All in One received income derived, directly or indirectly, from their pattern of racketeering activity and used or invested, directly or indirectly, a part of such income, or the proceeds of such income, in establishing their oil field services business servicing oil fields in North Dakota and Montana, and which affect interstate commerce in the oil energy industry.

53.     Chad Eberline's and All in One's actions are a violation of 18 U.S.C. § 1832 and 18 U.S.C. § 1962, and Eberline Oilfield is permitted to seek a civil remedy under 18 U.S.C. § 1964(c) for Chad Eberline's and All in One's acts.

## COUNT THREE

### BREACH OF EMPLOYMENT CONTRACT

54.     Plaintiff incorporates Paragraphs 1 through 53 as if set forth fully herein.

55.     Eberline Oilfield entered into an employment contract with Chad Eberline.

56.     The contract is a valid and enforceable contract between Eberline Oilfield and Chad Eberline and is supported by consideration.

57.    Chad Eberline deliberately failed to fully perform the services required as part of his employment contract with Eberline Oilfield Services.

58.    Chad Eberline transacted business on his own account similar to business entrusted to Chad Eberline by Eberline Oilfield by soliciting business away from Eberline Oilfield and in favor of his own business, All in One.

59.    Chad Eberline breached the terms of his employment with Eberline Oilfield by utilizing confidential information in his All in One business, hiring away Eberline Oilfield's employees, and intentionally terminating business agreements with Eberline Oilfield's customers and soliciting their business on behalf of All in One.

60.    Chad Eberline's actions in competing against Eberline Oilfield, usurping economic opportunities, stealing Eberline Oilfield's clients, and interfering in Eberline Oilfield's employment agreements with its other employees are breaches of Chad Eberline's employment contract with Eberline Oilfield and the express or implied duties retained therein.

61.    As a result of Defendant Chad Eberline's actions, Plaintiff has suffered damages, including, but not limited to lost profits, lost workforce, lost goodwill, and lost future profits, in an amount to be determined at trial.

## COUNT FOUR

### BREACH OF NORTH DAKOTA'S EMPLOYEE DUTY OF LOYALTY

62.    Plaintiff incorporates Paragraphs 1 through 61 as if set forth fully herein.

63.    Chad Eberline transacted business on his own account similar to business entrusted to Chad Eberline by Eberline Oilfield in soliciting business away from Eberline Oilfield and in favor of his own business, All in One.

64.     Chad Eberline's actions usurped economic opportunities from Eberline Oilfield in favor of himself through his company, All in One.

65.     Section 34-02-12, North Dakota Century Code, requires "[a]n employee who has any business to transact on the employee's own account similar to that entrusted to the employee by the employee's employer shall give the latter the preference always."

66.     Chad Eberline failed to give preference to his employer, Eberline Oilfield.

67.     As a result of Defendant's actions, Plaintiff has suffered damages, including, but not limited to lost profits, lost workforce, lost goodwill, and lost future profits.

## COUNT FIVE

## BREACH OF DUTY OF CONFIDENTIALITY / THEFT OF TRADE SECRETS

68.     Plaintiff incorporates Paragraphs 1 through 67 as if set forth fully herein.

69.     Defendant Chad Eberline's work product while employed with Eberline Oilfield, including but not limited to the method and means of production of remanufactured fire tubes, are products of Eberline Oilfield under Section 34-02-11, North Dakota Century Code.

70.     Defendants Chad Eberline and All in One acquired confidential information and/or trade secrets, including, but not limited to, bidding prices, customer lists, production methods (of the remanufacturing process for fire tubes, as well as others), employee compensation, employee benefits, and other confidential information as a result of his employment relationship with Plaintiff.

71.     Under Chapter 47-25.1, North Dakota Century Code, this information constitutes "trade secrets" with independent economic value, either actual or potential, from not being generally known to and not being readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use.

72.     Plaintiff took efforts to ensure the confidentiality of this information, and Defendants had knowledge of the confidential nature of this information and the need to also maintain its confidentiality.

73.     Defendant Chad Eberline, as an employee of Eberline Oilfield, breached his duty to keep this information confidential by disclosing and/or using the information through the course of his new employment with All in One, and his actions constitute a "misappropriation" as the information was disclosed and used without Eberline Oilfield's express or implied consent for the benefit of Chad Eberline and All in One.

74.     The Defendants have essentially stolen all of Eberline Oilfield's customers, business strategies, methodologies and goodwill built up over time, and left the company inoperable. As a result of the Defendants' actions, Eberline Oilfield has directly and proximately suffered damages, including but not limited to actual and future lost profits.  Defendants have been unjustly enriched at the expense of Eberline Oilfield due to the misappropriation.

75.     Upon information and belief, the Defendants have used and will continue to use Eberline Oilfield's confidential information and trade secrets, and have enjoyed, and will continue to enjoy, the fruits of their misappropriations in ongoing business entered into with former Eberline Oilfield clients.

76.     The actual misappropriation by the Defendants exposes Eberline Oilfield to a continuing injury wherein Eberline Oilfield is at a competitive disadvantage due to All in One and Chad Eberline's retention of confidential and trade secret information.  Eberline Oilfield seeks the remedy of an injunction as permitted under Section 47-25.1-02, North Dakota Century Code, to enjoin the Defendants from utilizing and/or disclosing confidential information that gives them an unfair trade advantage and violates North Dakota law, and

enjoining the Defendants from serving customers obtained through Chad Eberline's breach of the duty of loyalty, violation of N.D.C.C. § 34-02-14, and the parties theft and conversion of assets and economic opportunities.

77.    In deliberately misappropriating Eberline Oilfield's trade secrets and confidential information, Defendant Chad Eberline acted willfully and with malice, permitting Eberline Oilfield to recover attorney's fees as permitted under Section 47-25.1-04, North Dakota Century Code.

**COUNT SIX**

**TORTIOUS INTERFERENCE WITH CONTRACT**

78.    Plaintiff Eberline Oilfield incorporates Paragraphs 1 through 77 as if set forth fully herein.

79.    Valid contracts existed between Eberline Oilfield and its employees.

80.    Valid contracts existed between Eberline Oilfield and its customers.

81.    Defendants Chad Eberline and All in One knew of the contracts between Eberline Oilfield and its employees and customers, and communicated information or otherwise instigated Eberline Oilfield's employees and customers to breach their contracts with Eberline Oilfield.

82.    In their actions, Defendants Chad Eberline and All in One acted intentionally to instigate the respective breaches by Eberline Oilfields employees and customers, or acted with knowledge that the breach would result.

83.    As a result, Eberline Oilfield's employees breached their employment contracts, and Eberline Oilfield's customers breached their contracts and terminated ongoing business it

had with Eberline Oilfield in favor of employment and entering business respectively with All in One.

84.     By their conduct, the Defendants intentionally interfered with contracts Eberline Oilfield retained, and there was no justification for Chad Eberline and All in One's actions.

85.     The interference was made by improper means as Chad Eberline was a current employee of Eberline Oilfield and was done with the direct purpose of injuring Eberline Oilfield and benefiting All in One and Chad Eberline at Eberline Oilfield's expense.

86.     Eberline Oilfield suffered damages, including but not limited to lost profits, lost future profits, lost workforce, and lost goodwill, as a result of the Defendants' actions in an amount to be determined at trial.

## COUNT SEVEN

### TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCY

87.     Plaintiff Eberline Oilfield incorporates Paragraphs 1 through 86 as if set forth fully herein.

88.     Eberline Oilfield had a reasonable expectation of economic advantage or benefit, or otherwise had an ongoing business relationship or expectancy in maintaining its client relationships, maintaining its confidential information and trade secrets, and maintaining its employment contracts with its employees.

89.     Defendants Chad Eberline and All in One had knowledge of Eberline Oilfield's expectations of economic advantage, valid business relationships or expectancy through the employment of Chad Eberline.

90.     Defendant Chad Eberline wrongfully, without justification, and illegally interfered with Eberline Oilfield's reasonable expectation of economic advantage or benefit by

willfully and maliciously causing Eberline Oilfield's clients to terminate their contracts and ongoing business with Eberline Oilfield and retaining those same clients for All in One, by disclosing and/or using confidential information and trade secrets in his new employment with All in One, and in interfering with Eberline Oilfield's employment contracts with its other employees causing them to leave Eberline Oilfield and in hiring those same employees to All in One.

91.     In the absence of Defendants' wrongful acts, it is reasonably probable that Plaintiff would have realized its economic advantage or benefit by receiving ongoing business from its clients, and Defendants' actions were the proximate cause of the harm sustained by Eberline Oilfield.

92.     Plaintiff has sustained actual damages as a result of Defendants' actions, including, but not limited to, lost profits, lost goodwill, and a termination of the company as a functional business.

**<u>COUNT EIGHT</u>**

**UNJUST ENRICHMENT**

93.     Plaintiff Eberline Oilfield incorporates Paragraphs 1 through 92 as if set forth fully herein.

94.     Pleading in the alternative, Defendants Chad Eberline and All in One enriched themselves in acquiring the confidential information and trade secrets, business clients, and employees of Eberline Oilfield.

95.     Plaintiff Eberline Oilfield was impoverished due to the acts of Chad Eberline and All in One in the loss of its confidential information and trade secrets, clients, and employees.

96.     There is a direct connection between the Defendants' enrichment and Eberline Oilfield's impoverishment.

97.     The enrichment and impoverishment of the parties is not justified as Eberline Oilfield was not compensated for its confidential information or trade secrets, for the loss of its business clients, or for the loss of its employees, and Chad Eberline did not retain any authority to proceed in enriching himself and his company All in One at the expense of Eberline Oilfield.

98.     As plead in the alternative, no remedy at law exists permitting recovery for the enrichment of the Defendants at the expense of the impoverishment of the Plaintiff, and the Plaintiff is entitled to an equitable remedy.

## COUNT NINE

### THEFT AND CONVERSION OF EBERLINE OILFIELD'S PROPERTY

99.     Plaintiff incorporates Paragraphs 1 through 98 as if set forth fully herein.

100.    Chad Eberline terminated his employment contract and subsequently removed business equipment from Eberline Oilfield's possession.

101.    This business equipment includes, but is not limited to, cutting tools and accompanying oxy-acetylene tanks, general purpose tools left for use in Eberline Oilfield vehicles, and materials and/or supplies Eberline Oilfield used in its operations or which were purchased by Chad Eberline using Eberline Oilfield funds.

102.    The theft of Eberline Oilfield's business equipment has resulted in a monetary loss to Eberline Oilfield of the value of that equipment.

103.    Eberline Oilfield is entitled to return of the equipment in the same state at the time it was taken from Eberline Oilfield, or alternatively, and in the event the equipment cannot be

returned in the same condition at the time of Chad Eberline's taking, recovery of the value of that equipment as of the date of the taking.

## COUNT TEN

### UNFAIR COMPETITION

104.    Plaintiff incorporates Paragraphs 1 through 103 as if set forth fully herein.

105.    By reason of the conduct alleged herein, Defendants have engaged in unfair competition against Eberline Oilfield.

106.    As a result of the Defendants' unlawful conduct, Eberline Oilfield has suffered and will continue to suffer injury that cannot be readily measured or compensated in monetary terms.

## COUNT ELEVEN

### CIVIL CONSPIRACY

107.    Plaintiff incorporates Paragraphs 1 through 106 as if set forth fully herein.

108.    Chad Eberline and All in One agreed to act together to inflict a wrong or injury on Eberline Oilfield, or agreed to act together to commit a lawful act using unlawful means to inflict a wrong or injury on Eberline Oilfield.

109.    The agreement between Chad Eberline and All in One is both express and implied based on the conduct of the parties, with Chad Eberline having knowledge of the confidential nature of Eberline Oilfield's trade secrets, wrongfully misappropriating those trade secrets, and collaborating with All in One to misappropriate those trade secrets.

110.    Chad Eberline, as part of the civil conspiracy between himself and All in One, committed an act in furtherance of the conspiracy, and his actions are the proximate cause of Eberline Oilfield's injury and resulting damages of an amount to be determined at trial.

## COUNT TWELVE

### ACTUAL FRAUD

111.   Plaintiff incorporates Paragraphs 1 through 110 as if set forth fully herein.

112.   Chad Eberline, under contract as an employee of Eberline Oilfield, deceived Eberline Oilfield into believing he was continuing to operate Eberline Oilfield while instead acting against Eberline Oilfield in stealing its trade secrets, its customers, and its employees.

113.   As part of his employment contract, Chad Eberline promised to act on behalf of Eberline Oilfield while having no intent to do so based on his clear action in creating All in One and taking Eberline Oilfield's business.

114.   As a result of Chad Eberline's actions, Eberline Oilfield has suffered damages in an amount to be established at trial.

## COUNT THIRTEEN

### CONSTRUCTIVE FRAUD

115.   Plaintiff incorporates Paragraphs 1 through 114 as if set forth fully herein.

116.   Alternatively, Chad Eberline breached his duty owed to Eberline Oilfield as an employee by taking advantage of his position as the manager of Eberline Oilfield's operations to steal Eberline Oilfield's customers, employees, and trade secrets.

117.   Chad Eberline misled Eberline Oilfield in taking these actions to Eberline Oilfield's prejudice.

118.   As a result of Chad Eberline's actions, Eberline Oilfield has suffered damages in an amount to be established at trial.

## COUNT FOURTEEN

### DECEIT

119.   Plaintiff incorporates Paragraphs 1 through 118 as if set forth fully herein.

120.   Chad Eberline and All in One suppressed information from Eberline Oilfield or gave information to Eberline Oilfield as to the operation of Eberline Oilfield's business which was not truthful and would likely mislead Eberline Oilfield for want of communication of those facts.

121.   As a result of Chad Eberline's and All in One's actions, Eberline Oilfield has suffered damages in an amount to be established at trial.

## **PRAYER FOR RELIEF**

122.   WHEREFORE, Plaintiff respectfully requests the following relief:

1.      Damages in an amount to be proven at trial;

2.      Granting a permanent injunction preventing All in One and Chad Eberline from utilizing confidential information and trade secret information which is rightfully the property of Eberline Oilfield, or alternatively an Order requiring compensation by the Defendants to Eberline Oilfield for the reasonable value of that information through direct payment or by payment of an ongoing royalty.

3.      Return of Eberline Oilfield's business equipment in the same condition the equipment was in at the time of its taking, or alternatively the reasonable value of the equipment at the time of its taking;

4.      Its costs and attorneys' fees;

5.      Additional injunctive relief during the pendency of this action, and;

6.      Such other and further relief as this Court deems just and equitable.

**PLAINTIFF  HEREBY  DEMANDS  TRIAL  BY  JURY  OF  ALL  ISSUES  SO TRIABLE.**

Dated this 21st day of November, 2018.

**VOGEL LAW FIRM**

**/S/ JUSTIN J. HAGEL**

BY:  Justin J. Hagel (#07470)
      Robert J. Pathroff (#07759)
      US Bank Building
      200 North 3rd Street, Suite 201
      PO Box 2097
      Bismarck, ND  58502-2097
      Telephone:  701.258.7899
      Email:      jhagel@vogellaw.com
                  rpathroff@vogellaw.com
      ATTORNEYS FOR PLAINTIFF