IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Eberline Oilfield Service, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING MOTION TO** |
| | ) | **COMPEL IN PART AND DENYING** |
| vs. | ) | **MOTION FOR PROTECTIVE ORDER** |
| | ) | **WITHOUT PREJUDICE** |
| Chad Eberline and All in One | ) | |
| Oil Field Service, Inc., | ) | Case No. 1:18-cv-245 |
| | ) | |
| Defendants. | ) | |

Before the Court is Plaintiff Eberline Oilfield Service, Inc.'s ("EOS") Motion to Compel Under Rule 37 and for Sanctions. Also before the Court is defendants' Cross Motion for Protective Order. For the reasons that follow, EOS's motion is granted in part and denied in part and defendants' motion is denied without prejudice.

I.   **BACKGROUND**

The following facts are taken from EOS's pleadings and the briefs submitted by the parties. They are either undisputed or otherwise presumed to be true for the purposes of this order.

A.   **The Parties**

EOS provides oilfield construction and roustabout services to the oilfield industry in Montana and North Dakota, including the remanufacturing of fire tubes for use in the oil industry. (Doc. No. 1, ¶ 7). It is principally located in Killdeer, North Dakota, and Sydney, Montana. (Id. ¶ 8).

Chad Eberline ("Eberline") was employed by EOS as the general manager of its Killdeer operation from July 2011 until his resignation on February 6, 2018. (Id. at ¶¶ 9, 35). He also helped EOS develop its business of remanufacturing of fire tubes. (Id. at ¶ 13). In 2013, while employed

1

by EOS, he formed a rental company providing fluid distribution units manufactured out of shipping containers. (Id. at ¶¶). In 2017, while he was still employed by EOS, he formed All in One Oil Field Service, Inc. (Id. at ¶¶ 11-12). All in One Oil Field Service, Inc ("All in One") is based in North Dakota and is an entity separate and distinct entity from Eberline's rental company. (Id. at ¶ 4).

### B.   Underlying Claims

EOS initiated the above captioned action against Eberline and All in Oine on November 26, 2018, asserting claims against them for: (1) violation of the Federal Trade Secrets Act; (2) violation of Federal Civil Rico; (3) breach of employment contract; (4) breach of North Dakota's employee duty of loyalty; (5) breach of duty of confidentiality/theft of trade secrets; (6) tortious interference with contract; (7) tortious interference with business expectancy; (8) unjust enrichment; (9) theft and conversion of EOS's property; (10) unfair competition; (11) civil conspiracy; (12) actual fraud; (13) constructive fraud; and (14) deceit. (Id.). EOS alleges that, when his negotiations with EOS regarding his salary and his acquisition of an ownership interest in EOS reached an impasse, Eberline sabotaged EOS's operations by failing to submit competitive bids on open bid projects. (Id. ¶¶ 17-23). EOS further alleges that Eberline formed All in One while he was still employed by EOS with the intent to take EOS's business, wrote a letter soliciting EOS's customers using EOS's office and computer, poached EOS's customers and employees for All in One, and misappropriated EOS's equipment and intellectual property for All in One's use. (Id. at ¶¶ 22-38).

### C.   Discovery Dispute

On June 16, 2020, EOS served Eberline and All in One with 17 interrogatories along with 13 requests for production of documents regarding: All in One's finances, real property and

equipment, customers, and communications; Eberline's employment with EOS; and Eberline's personal finances. (Doc. No. 35-1). On August 21, 2020, Eberline and All in One responded to EOS's discovery interrogatories. (Doc. No. 35-2). They prefaced their responses with a number of objections on the grounds of vagueness, relevance, undue burden, and disproportionality. (Id.). They further asserted that certain lines of inquiry constituted an illegal restraint on trade and were therefore barred by N.D.C.C. § 9-08-06. (Id.). As for their response to the requests for production, they provided two documents: copies of All in One's Certificate of Incorporation, dated November 29, 2017, and Articles of Incorporation, file stamped received by the Secretary of State on November 20, 20217. (Id.).

EOS wrote to defendants in October 2020, asserting that their responses to its Interrogatory Nos. 11-17 were deficient and required supplementation and further demanded that it produce all of the documents it had requested as they were relevant to the matters at issue. (Doc. No. 35-3)

Eberline and All in One responded to EOS in November 2020, defending their responses to EOS's discovery requests and in so doing reiterating the bases for them. (Doc. No. 35-3). They did, however, supplement their responses to EOS's Interrogatory No. 15 and Request for Production No. 13. (Doc. No. 37).

On February 18, 2021, EOS filed a Motion to Compel under Rule 37 and for Sanctions. (Doc. Nos. 35, 52). It asserted that Eberline's and All in One's responses to its discovery requests in general and Interrogatory Nos. 1 through 13 and 17 in particular were deficient, that the information it is seeking is relevant to its claims and to its calculation of damages, and that Eberline and All in One should be required to further supplement their responses to its interrogatories and produce the requested documents. It also asserted that it was entitled to recover the costs and fees

it had incurred in bringing its motion.

On March 3, 2021, the parties participated in a telephone conference with the court in which they discussed their differences regarding discovery. (Doc. No. 38). Nothing was resolved.

On March 26, 2021, defendants filed a combined Memorandum in Opposition to EOS's Motion to Compel and Cross-Motion for Protective Order. (Doc. No. 50). Therein they reiterated their position that EOS's discovery requests were overbroad, unduly burdensome, and otherwise disproportionate to the needs of this case. They further asserted that the information sought by EOS is largely irrelevant and would injure them economically if they were required to disclose it.

Both EOS's and defendants' motions have been fully briefed and are ripe for the court's consideration.

## II. APPLICABLE LAW

Rule 37 of the Federal Rules of Civil Procedure authorizes motions to compel discovery. See Fed. R. Civ. P. 37 (a)(1) ("On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery."). Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of permissible discovery as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. Pro. 26(b)(1).

"The scope of discovery under Rule 26(b) is extremely broad." Gowan v. Mid Century Ins. Co., 309 F.R.D. 503, 508 (D.S.D. 2015) (citing 8 Charles A. Wright & Arthur R. Miller, Federal

4

Practice & Procedure §§ 2007, 3637 (1970)). "The reason for the broad scope of discovery is that '[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession.'" 8 Wright & Miller, § 2007, 39 (quoting Hickman v. Taylor, 329 U.S. 495, 507–08 (1947)).

"Discoverable information itself need not be admissible at trial; rather, the defining question is whether it is within the scope of discovery." Colonial Funding Network, Inc. v. Genuine Builders, Inc., 326 F.R.D. 206, 211 (citing Fed. R. Civ. P. 26(b)(1)). After the proponent makes a threshold showing of relevance, the party opposing a motion to compel has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper. Jo Ann Howard & Assocs., P.C. v. Cassity, 303 F.R.D. 539, 542 (E.D. Mo 2014) (citing Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1992), and St. Paul Reinsurance Co. V. Commercial Fin. Corp., 198 F.R.D. 508, 511-12 (N.D. Iowa 2000)). "The party must demonstrate that the requested documents either do not come within the broad scope of relevance defined pursuant to Rule 26(b)(1) or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosures." Id. (quoted case omitted). Relevancy in this context "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to another matter that could bear on, any issue that is or may be in the case." Jo Ann Howard & Assocs., P.C. v. Cassity, 303 F.R.D. 539, 542 (E.D. Mo. 2014) (citation and quotation omitted); Klein v. Affiliated Grp., Inc., No. 18-CV-949 DWF/ECW, 2019 WL 1307884, at *2 (D. Minn. Mar. 22, 2019).

### III.  DISCUSSION

#### A.  Discovery Requests at Issue

Below are EOS's interrogatories and requests for production along with defendants' responses to them that are at issue.

**INTERROGATORIES**

<u>INTERROGATORY NO. 11</u>: Provide a complete listing of all current and former customers of Defendants that receive goods and/or services from Defendants from October, 2017 to the present.  For each customer, provide the name, current address, current phone number and contact person.

<u>RESPONSE</u>: Objection is made to this interrogatory on the basis that it is vague, overbroad, and unduly burdensome.  Objection is made to this request on the basis that it is not relevant to any parties' claims or defense nor reasonably calculated to lead to the discovery of admissible evidence.  Objection is further made to the extent this interrogatory seeks commercial information from Defendants.  All in One did not perform work for any current or former customers of Defendants prior to Defendant Chad Eberline's departure from Eberline Oilfield Services.

<u>INTERROGATORY NO. 12</u>: For the persons and/or entities set forth in Your Answer to Interrogatory No. 11, state in detail and with particularity the date(s) in which Defendants furnished goods and/or services from Defendants from October, 2017 to the present.  For each customer, provide the name, current address, current phone number and contact person.

<u>RESPONSE</u>: Defendants direct Plaintiffs to their Response to Interrogatory No. 11.

<u>INTERROGATORY NO. 13</u>: Provide a complete listing of all persons and/or entities that you solicited sales from or good and/or services from October 2017 to the present.  For each person and/or entity, provide the name, current address, current phone number and contact person.

<u>RESPONSE</u>: Objection is made to this interrogatory on the basis that it is vague, overbroad, and unduly burdensome.  Objection is made to this request on the basis that it is not relevant to any parties' claim or defense nor reasonably calculated to lead to the discovery of admissible evidence.  To the extent defendants comprehend what is being requested, All in One did not solicit "sales from or goods and/or services from October 2017" prior to Defendant Chad Eberline's departure from Eberline Oilfield Services.  Objection is further made to the extent this interrogatory seeks confidential commercial information from Defendants.

* * *

INTERROGATORY NO. 17: Provide a complete listing of any correspondence, advertisements, or other documentation soliciting customers, from October, 2017, to the present. In your response, please identify the person that drafted the solicitation/advertisement, the date the solicitation/advertisement was sent, the content of the solicitation/advertisement, to whom the solicitation/advertisement was sent, what entity, if an, published the solicitation/advertisement, and the date of such publication.

RESPONSE: Objection is made to this interrogatory on the basis that it is vague, overbroad, and unduly burdensome. Objection is made to this request on the basis that it is not relevant to any parties' claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. To the extent that the Defendants comprehend what it being requested, All in One Oil Field Services, Inc. did not provide any written solicitations or advertisements. The customers that have engaged All in One Oil Field Service, Inc. have done so because of the relationships, reputation, and experience that Chad Eberline has developed in the oilfield industry over the last decade.

(Doc. Nos. 35-2, 37).

## REQUESTS FOR PRODUCTION

REQUEST NO. 1: Please provide copies of all Documents relating to Your responses to the foregoing interrogatories.

RESPONSE: Please see Attached Articles of Incorporation

REQUEST NO. 2: Please provide copies of all Documents relating to Plaintiff's claims and/or Defendant's defenses thereto.

RESPONSE; Objection is made to this request on the basis that it is vague, overbroad, and unduly burdensome. Objection is further made to this request to the extent that it calls for the mental impressions and conclusions of counsel. Objection is further made to the extent it seeks attorney work product and/or materials prepareda in anticipation of litigation.

REQUEST NO. 3: Please provide copies of all Documents relating to the business formation of All in One.

RESPONSE: Objection is made to this request on the basis that it is not relevant to any parties' claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. Objection is made to this request on the basis that it is vague,

overbroad, and unduly burdensome. Objection is further made to the extent that this request seeks confidential commercial information from Defendants. Please see attached Articles of Incorporation.

REQUEST NO. 4: Please provide all financial records relating to All in One, from the time of its formation to the present, including but not limited to bank statements, tax returns, profit/loss statements, balance sheets, ledgers, check registers, and/or other Documents evidencing income and assets for All in One.

RESPONSE: Objection is made to this request on the basis that it is not relevant to any parties' claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. Objection is made this request that it is vague, overbroad, and unduly burdensome. Objection is further made to the extent this interrogatory seeks confidential commercial information from Defendants.

REQUEST NO. 5: Please provide copies of all financial records related to Eberline Oilfield Service, Inc., from January 1, 2010 to- the present, including but not limited to bank statements, tax returns, profit/loss statements, balance sheets, ledgers, check registers and/or other Documents evidencing income and assets for All in One.

RESPONSE: Objection is made to this request on the basis that it is incomprehensible and that the information sought is not in the possession, custody or control of the Defendants. Objection is made to this request on the basis that it is not relevant to any parties' claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. Objection is made to this request on the basis that it is vague, overbroad, and unduly burdensome. Objection is further made to the extent this interrogatory seeks confidential commercial information from Defendants.

REQUEST NO. 6: Please provide copies of all Documents identifying real property and/or equipment owned by Defendants.

RESPONSE: Objection is made to this request on the basis that it is not relevant to any parties' claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. Objection is made to this request on the basis that it is vague, overbroad, and unduly burdensome. Objection is made to this request on the basis that it is vague, overbroad, and unduly burdensome. Objection is further made to the extent this interrogatory seeks confidential commercial information from Defendants.

REQUEST NO. 7: Please provide copies of all Documents identifying customers or clients of All in One from the date of its formation to the present.

RESPONSE: Objection is made to this request on the basis that it is not relevant to any parties' claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. Objection is made to this request on the basis that it is vague,

overbroad, and unduly burdensome. Objection is further made to the extent this interrogatory seeks confidential commercial information from Defendants.

REQUEST NO. 8: Please provide copies of all Communications between You and any other individual and/or entity relating to the formation of All in One from October, 2017 to the present.

RESPONSE: Objection is made to this request on the basis that it is not relevant to any parties' claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. Objection is made to this request on the basis that it is vague, overbroad, and unduly burdensome. Objection is further made to the extent this interrogatory seeks confidential commercial information from Defendants. Please see attached Articles of Incorporation.

REQUEST NO. 9: Please provide copies of all Communications between You and any current or past customer or client of Plaintiff from October, 2017 to the present.

RESPONSE: Objection is made to this request on the basis that it is not relevant to any parties' claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. Objection is made to this request on the basis that it is vague, overbroad, and unduly burdensome. Objection is further made to the extent this interrogatory seeks confidential commercial information from Defendants.

REQUEST NO. 10: Please provide copies of all Communications between You and Plaintiff relating to the formation of All in One from October, 2017 to the present.

RESPONSE: Please see Response to Interrogatory No. 16. No responsive documentation to this request is in the possession, custody or control of the Defendants.

REQUEST NO. 11: Please provide copies of all Communications between You and Plaintiff relating to any past or future customer or client of Plaintiff from October, 2017 to the present.

RESPONSE: Objection is made to this request on the basis that it is vague, overbroad, and unduly burdensome. No responsive documentation to this request is in the possession, custody or control of the Defendants.

REQUEST NO. 12: Please provide copies of all documentation related to the any agreement between Defendant Chad Eberline and Plaintiff regarding his employment with Plaintiff.

RESPONSE: No responsive documentation to this request is in the possession, custody or control of the Defendants.

    REQUEST NO. 13: Please provide copies of all documentation evidencing income or compensation earned by Chad Eberline, whether through employment by the Plaintiff, employment by the Defendant All in One, or otherwise, from January 1, 20216, until present, including but not limited to bank statements, tax returns, balance sheets, check registers, Quickbooks or other accounting software files, and W-2's, W-9's, 1098's, or 1099's or other filed IRS forms.

    RESPONSE: Objection is made to this request on the basis that it is not relevant to any parties' claim or defense nor reasonably calculated to lead to the discovery of admissible evidence.  Objection is made to this request on the basis that it is vague, overbroad, and unduly burdensome.  Objection is further made to the extent this interrogatory seeks confidential commercial information from Defendants.  Objection is further made on the basis that the information sought is already in the possession, custody and control of the Plaintiff.  Plaintiff is not entitled to information as to the income or assets of the Defendants and the information sought appears to be an attempt to seek post-judgment discovery in aid of the judgment or execution pre-judgment.

    SUPPLEMENTAL RESPONSE: In addition to and incorporating the previous response and without waiving the foregoing objections, please see AIO 0001 - 0107 attached.

(Doc. No. 37).

    **B.**    **Motion to Compel**

        **1.**    **Interrogatories 11-13**

EOS wants a list of All in One's customers along with the account information associated with those customers, asserting that this information is relevant as it will assist in identifying which of its customers began doing business with All in One and by extension establish the defendants' toritous interference with contract, tortious interference with business expectancy, and the resulting damages.

In response, defendants assert that Eberline did not sign a non-compete or non-solicitation agreement in relation to his employment with EOS, that none of the exceptions under N.D.C.C. § 9-08-06 apply, that nothing therefore prevents Eberline from exercising a lawful profession, trade,

10

or business, and that plaintiffs are not entitled to the information they seek. They go on to assert that EOS has not identified its purported customers with which they allegedly interfered and that EOS's request that they produce the names and account information for all of their past and present customers regardless of whether the customers may have ever done business with EOS is overbroad and unduly burdensome. Finally, they assert that customer information postdating Eberline's departure from EOS is not only irrelevant but that the request for it is vexatious and that the disclosure of this information will economically harm them and otherwise place them at a competitive disadvantage. In other words, they fear that EOS will use this information to do what EOS has accused them of doing.

The court finds the assertions of irrelevance, overbreadth and undue burden unpersuasive. Whether EOS's initiation of this action and pursuit of its various claims against defendants is tantamount to a restraint on trade is not an issue that the court needs to or is otherwise inclined to address in the context of the present discovery dispute.

At this stage of the proceeding the court finds that this information regarding customers solicited and/or acquired during the pendency of Eberline's employment with EOS falls within the broad scope of relevance as it may bear upon what, if any, of EOS's customers did business with All in One, when or why they began doing business with All in One, and whether EOS has suffered any damages as a result. Consequently, the court shall require defendants to supplement their responses to these interrogatories accordingly. The court appreciates the sensitive nature of the information sought and the natural tension that exists in cases such as this. Nevertheless, defendants' concerns regarding confidentiality and the like does not pose an insurmountable obstacle to production. The court deals with highly sensitive information on a regular basis and has confidence

that it can be safeguarded as necessary. The court shall next address the remaining two interrogatories at issue.

### 2. Interrogatories 13 and 17

EOS asserts that its request for information regarding communications is relevant as it goes directly to the heart of its claim that Eberline disparaged EOS, worked against EOS's interests from the inside, and otherwise solicited EOS's customers while still employed by EOS. Citing the solicitation letter it claims was drafted by Eberline on its equipment while in its employ, it questions the veracity of defendants' response to its interrogatory that, to the extent defendants comprehend what was being requested, All in One did not solicit sales from or goods and/or services from October 2017.

The court finds that communications, including solicitations and advertisements, made by All in One or by Eberline on All In One's behalf while Eberline was still employed by EOS may bear upon the matters presently in dispute. Eberline is alleged to have formed All in One to compete against EOS while he was still employed by EOS. Eberline is also alleged to have engaged in activities to EOS's detriment and All in One's benefit while he was still employed by EOS. Discovery regarding the activities undertaken and communications made by Eberline and All in One to cultivate clientele while Eberline was simultaneously working as the general manager of EOS's Killdeer operations is therefore fair game. Consequently, the court shall require defendants to supplement its response to Interrogatories 13 and 17 with information regarding any such communications directed towards or sent to EOS's customers by All in One or by Eberline on behalf of All in One during the pendency of Eberline's employment with EOS. If neither All in One nor Eberline had any such communications during this time frame, then they will of course have nothing

to produce. The court cannot compel a "different" answer, simply because plaintiff is unsatisfied with defendants' denials. The Court must accept defendants' representations at face value.

### 3. Request No. 2

The court agrees with defendant's assessment of the second request for production; this request is vague and overly broad. Consequently, the court concludes that defendants' objections to this request were justified and their response to it was sufficient.

### 4. Request Nos. 3 and 4

The court is not presently inclined to require production of all documents relating the formation of All in One or all of the financial records relating to All in One. The court agrees that these requests as presently framed are overly broad, unduly burdensome, and otherwise disproportional at present to the needs of this case.

### 5. Request No. 5

As presently framed, it appears that EOS is seeking production of records pertaining to its own finances dating back to 2010 that defendants may have in their possession. The court agrees with defendants that this request is somewhat confusing. However, the court is not prepared to dismiss the request as quickly as have defendants. An argument could be made that this request was intended not so much to obtain the documents but rather ascertain if All in One has access to or possession of these documents. Such information seems relevant given EOS's claim that Eberline used its confidential information if for no other reason than to jumpstart All in One. Consequently, the court shall require defendants to identify what, if any, financial records or other documents of EOS's are in their possession or that they may have access to. If they have neither possession of or access to any such documents, then its work with respect to this request is for all intents and

purposes complete.

      **6.**      **Request No. 6**

EOS wants a list identifying all real property and/or equipment owned by defendants. The court will not require defendants to provide information to EOS regarding its real property. However, the court shall require defendants to supplement its response to this request by providing EOS with a listing of the equipment All in One owned, acquired, or otherwise was using in its operation from the date of All in One's creation through the date of Eberline's resignation from EOS. The production of such information is reasonable given EOS's assertions regarding Eberline's and All in One's misappropriation of its equipment and assets.

      **7.**      **Request Nos. 1, 7, 8 and 9**

Consistent with what has been discussed above, defendants shall produce any communications with clientele during the time when Eberline was still employed by EOS. They shall also produce any communications Eberline may have had with others about the formation of All in One during the pendency of his employment with EOS. Production of such information is not onerous and should not be particularly difficult. Again, the purported confidentiality of this information can be safeguarded as necessary.

      **8.**      **Request Nos. 10, 11, 12**

Defendants have represented that they have no documentation responsive to these requests in their possession, custody and control. The court accepts defendants' representations at face value.

      **9.**      **Request No. 13**

In its reply, EOS advises that "it has received Chad Eberline's tax information and no longer requires action from the Court to compel its disclosure." (Doc. No. 51). Consequently, the court

will require nothing more from defendants with respect to Request No. 13.

IV.     **CONCLUSION**

Defendants' Motion for Protective Order (Doc. No. 53) is **DENIED WITHOUT PREJUDICE**.  EOS's Motion to Compel (Doc. No. 33) is **GRANTED IN PART**. EOS's request for sanctions (Doc. No. 52) is **DENIED**.  No costs or fees shall be awarded to any party in connection with their respective motions.

Dated this 17th day May, 2022.

/s/ Clare R. Hochhalter
Clare R. Hochhalter, Magistrate Judge
United States District Court.

.